UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BRACY,

       Plaintiff,                                        Civil Action No. 20-10969

vs.                                                HON. MARK A. GOLDSMITH

CONSUMERS ENERGY
COMPANY, et al.

       Defendants.
_____/

**ORDER
ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE DATED DECEMBER 7, 2020 (Dkt. 37), AND
DENYINGDEFENDANTS' MOTION TO DISMISS (Dkt. 17)**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Kimberly G. Altman, issued on December 7, 2020 (Dkt. 37). In the R&R, the Magistrate Judge recommends that the Court deny Defendants' motion to dismiss counts II-VII of the complaint (Dkt. 37).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts

of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accepts the R&R (Dkt. 37), and denies Defendants' motion to dismiss counts II-VII of the complaint (Dkt. 17).

SO ORDERED.

Dated: December 28, 2020            s/Mark A. Goldsmith
Detroit, Michigan           MARK A. GOLDSMITH
          United States District Judge