UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BRACY,

    Plaintiff,

v.

CONSUMERS ENERGY COMPANY
and RICHARD T. SCOTT,

    Defendants.

Case No. 2:20-cv-10969
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLANTIFF'S MOTION TO STRIKE AND COMPEL (ECF No. 25)**

I. Introduction

This is an unlawful termination case. Plaintiff Brian Bracy asserts claims under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, and Michigan's Elliott–Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2202(1)(a), based on age, race, and sex, as well as state tort law. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 30). Before the Court is Bracy's motion to strike and compel (ECF No. 25). For the reasons that follow, the motion will be granted in part and denied in part.

1

II.  Background

Bracy is a 52-year-old Caucasian male who was employed by Consumers from January 1999 to his termination in November 2019, which he alleges was wrongful. (ECF No. 1, PageID.4). For the last year and a half of his employment, he was supervised by defendant Richard T. Scott. (*Id*.). Before his termination, Bracy was a Senior Tech Analyst Lead in the Electric Tools, Equipment, and Work Methods and Procedures Department, wherein he supervised three other employees, served as a "subject matter expert" of "OSHA/MIOSHA," and managed the purchase, distribution, repair, and asset management of tools across electric operations, among many other duties. (*Id*., PageID.5-9).

Bracy received at least satisfactory performance reviews throughout his employment with Consumers, including his 2018 review from Scott, in which he was rated "effective." (*Id*., PageID.9-10). His 2018 performance review occurred in March 2019, and Scott said nothing to the effect that there were problems with Bracy's performance in the first three months of 2019 during that review. (*Id*., PageID.10). Nor did Bracy receive any negative feedback from Scott or anyone else for his job performance in 2019 until July 29 of that year. (*Id*., PageID.10-11). On that date, Scott met with Bracy and placed him on a Performance Correction Plan (PCP), assigning him five "Goals/Objectives that he was required to meet at 30, 60, and 90 day intervals." (*Id*., PageID.11). On November 19, 2019,

Consumers terminated Bracy's employment, stating that his PCP had not been successful and that he could be terminated at any time as an at will employee. (*Id.*, PageID.21).

### III. Legal Standard

Fed. R. Civ. P. 26(b) provides as follows concerning the scope of discovery in a civil case:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

The Court has broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). However, the Court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1998).

### IV. Discussion

Bracy's motion was the subject of two status conferences and a motion hearing. *See* ECF Nos. 33, 40, 45. As a result of the status conferences, as reflected in the statement of resolved and unresolved issues, *see* ECF No. 44, the parties were able to narrow their dispute to one issue:[1] the production of information related to other employees who, like Bracy, were placed on a Performance Correction Plan (PCP) from January 1, 2017 through November 19, 2019 in which his line of supervisors, Scott, Brad Rickert, and Guy Packard, and human resources personnel Jennifer Luczak, Julie Taylor, or Rebecca Taylor were involved.

Consumers later agreed to produce any PCPs involving Scott and Rickert, Bracy's direct and second-level supervisor. At the hearing, the Court asked Consumers to determine about how many Consumers employees were placed on a PCP in which Luczak, Taylor, and Kosnik were involved. The Court recognized that as human resources employees, they may likely be involved in most, if not all, decisions to place an employee on a PCP, i.e. company-wide. Consumers sent a letter to counsel, later submitted to the Court, stating that approximately 50

---

[1] The other issues set forth in the statement of resolved and unresolved issues pertained to the production of information regarding the individuals involved in Bracy's PCP and the production of information from an electronic search. The information related to Bracy's PCP was produced. The Court understands that the production related to the electronic search is ongoing. Thus, Bracy's motion is granted as to these issues.

employees were the subject of a PCP in which Luczak, Taylor, or Kosnik had some level of involvement during the relevant time. Consumers also offered to produce "the PCP, annual PEFD review forms, and personnel files for the four individuals who ultimately reported to Guy Packard, Plaintiff's third-level supervisor." Bracy responded in a letter to counsel, also shared with the Court, requesting all of the PCP information related to the 50 employees.

Bracy cites *Louzon v. Ford Motor Co.*, 718 F.3d 556, 567 (6th Cir. 2013), which states:

> As we discussed in detail above, however, it is not a prerequisite in discrimination cases that a comparator have the same supervisor as the plaintiff. Moreover, *Bobo* makes clear that this principle is not restricted to summary judgment; in fact, we held in *Bobo* that restricting discovery based on this erroneous same-supervisor requirement amounts to "[a]n improper denial of discovery." 665 F.3d at 753.

Here, Consumers has produced information related to employees placed on a PCP by Bracy's direct supervisor and second-level supervisor. Consumers has also offered to produce PCP and related information for employees supervised by Packard. The Court finds, based on *Louzon*, that such information is arguably relevant and must be produced. Bracy's motion is granted to this extent. Regarding the other Consumers employees placed on PCPs in which Luczak, Taylor, or Kosnik, were involved, this information does not appear arguably relevant or proportional. As such, Consumers is not required to produce it. Bracy's motion is denied to this extent. However, should Bracy discover during

5

depositions that Luczak, Taylor or Kosnik were involved in placing an employee on a PCP in circumstances that may be relevant, he may move to compel such information at that time.

## IV. Conclusion

For the reasons stated above, Bracy's motion to strike and compel is GRANTED IN PART AND DENIED IN PART .

SO ORDERED.

Dated: February 25, 2021           s/Kimberly G. Altman
Detroit, Michigan          KIMBERLY G. ALTMAN
         United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2021.

         s/Marie E. Verlinde
         MARIE E. VERLINDE
         Case Manager